Lucien W. ROLLAND and Xenia M. Rolland, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 18358.

United States Court of Appeals Fifth Circuit.

Jan. 17, 1961.

Hilary J. Gaudin, W. M. Stephenson, New Orleans, La., for petitioners.

Charles K. Rice, Asst. Atty. Gen., Gilbert E. Andrews, Jr., Lee A. Jackson, Robert N. Anderson, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., Hart H. Spiegel, Chief Counsel, Claude R. Marshall, Atty., I. R. S., Washington, D. C., for respondent.

Before RIVES and WISDOM, Circuit Judges and WRIGHT, District Judge.

PER CURIAM.

The taxpayer contends that the Tax Court erred in holding that he was not entitled to deduct certain expenditures as ordinary and necessary business expenses under Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a) (1) (A) and Section 162(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a). First, the taxpayer argues that he was entitled to deduct all of his membership dues in certain New Orleans carnival organizations and all of various other expenses incidental to his participation in carnival balls and parades. This amounted to $4,456, $5,238.50, and $1,975 for the taxable years in question. On the facts, the Tax Court concluded that most of the taxpayer's carnival expenses were not primarily for business purposes. This is an issue of fact. The Tax Court, conceding that there was a business motivation in some of the expenditures, applied the rule of Cohan v. Commissioner, 2 Cir., 1930, 39 F.2d 540, and approximated as deductible expenses for the taxable years in question the amounts of $450, $900, and $200. Second, the taxpayer claimed deductions of $1,524.45, $954.75, $85.49, and $1,435.70 for expenses incurred in the maintenance of four parade horses, used only for parades and three horse-shows, and not for other purposes. The taxpayer argued that the expenses were deductible because the horses were used for business purposes, that is, to advertise Rolland Safe and Lock Company; or, in the alternative, amounted to contributions to charitable organizations. The Tax Court allowed no deduction for Rolland's four parade horses.

Cases such as the one before us turn on the particular facts of the case. We agree, therefore, with the principle implicit in the tax court holding, that in certain instances and to a limited degree a taxpayer's carnival expenses may be deductible if they are primarily for business purposes. In this case, we find no error in the Tax Court holding and adopt its opinion in entirety.

Judgment is affirmed.